IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
FEB 2 4 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FRANCIS J. BELL,

        PLAINTIFF,

-vs-

A&A HOSPITALITY INC. D/B/A
HOLIDAY INN, A FRANCHISE ENTITY;
A&A PRESIDENT; A&A VICE PRESIDENT;
A&A TREASURER & SECRETARY; A&A
REGISTERED AGENT, ROBERT HOY; A&A
GENERAL MANAGER; A&A AUDITORS;
SPECIAL AGENT WILLIAM WARREN;
SPECIAL AGENT GEORGE OHLIN;
DETECTIVE KEENNETH BOUDREAU;
DETECTIVE TRACY FANNING; AND THE
CITY OF CHICAGO.

        DEFENDANTS,

COMPLAINT FOR VIOLATIONS
CIVIL RIGHTS PURSUANT TO
TITLE 42 OF SECTION 1983
AND A BIVENS ACTION.

JURY TRIAL DEMANDED

**06CV1366**
**JUDGE CASTILLO**
**MAGISTRATE VALDEZ**

Now comes the plaintiff, Francis J. Bell, who hereby sibmits this action and complaint, for filing in the United States distri-ct Court for the Northern District of Illinois, Eastern division against each mentioned defendant.

### CAUSE OF ACTION

Special Agents William Warren and George Ohlin, Detectives Kenne-th Boudreau and Tracy Fanning, an Unknown Officer, an Unknown A&A hospitality d/b/a Holiday Inn Hotel Owner, an Unknown Holiday Inn Hotel Desk Clerk, and an Unknown Holiday Inn manager, and the Ci-ty of Chicago did violate and caused violations of the plaintiffs Francis J. Bell, constitutional rights under the 4th, 5th, and 14th amendments while acting under the color of law.

### FACTS

1.) On February 22, 2004, at or around 8:30 pm as I was exiting the Chicago Transit Authority(C.T.A.) train station Special agent William Warren(hereinafter S/A Warren) and one Unknown Officer (hereinafter Ukn. Officer) both while in their official and indiv -ual capacity rushed toward me in an attempt to grab and

restrain me without announcing their purpose or their identities. I then became startled and fled the would be attackers. As I ran out of the station they were yelling profanities and threats of beating me when they caught me, as they did give chase. Ultimately I tripped and fell to the ground. The Ukn. Officer then tackled me with S/A Warren following in turn tackling the both of us. At this time both S/A Warren and the Ukn. Officer then began to pummel me repeatedly. Finally, the Ukn. Officer then grabbed one of my wrist in an attempt to handcuff it. I assumed at this point that, He, the Ukn. Officer was a peace officer and I complied at that time when He again reached to cuff my wrists. Thereafter the Ukn. Officer then punched me in the face with his fist while both of my wrists were cuffed. S/A Warren then punched me in the head with a closed fist and from thereon both agent and officer began to strike me in the back of the head, neck, and spinal area repea-tedly which in turn shortened my breath and left me in a state. of dismay. Both offocers thewn picked me up to my feet and inform-ed me that they were police officers, removed all of my property I had in my possession, including my asthma inhaler pump, then pl-aced me in an unmarked police car and transported me to the area 3, Belmont & Western Ave. police station( here inafter Area 3) without informing me if I was under arrest and what the purpose of their actions were.

2.) On or about February 22, 2004, at or around 11:00pm, after being interrogated while at Area 3, I was then transported to the Area 5 police station at Grand & Central Ave.( hereinafter Area 5 ). Once there at Area 5, I was then placed in a room for approximately 30 minutes by myself with one of my wrists handcuffed to a locking device in the wall. S/A Warren and Detective Kenneth Boud-reau(hereinafter Boudreau) came into the room I was being held in , twice, with each visit lasting no more than 5 to 10 minutes. During their visits they attempted to ask questions . On the seco-nd visit I notified both officers of my wishes to speak with my lawyer and not to talk any further without his presence, both officers then left the room at that time. After a few minutes Boudreau and a Detedtive Fanning(hereinafter Fanning) returned to the room. Boudreau became irritated as he attempted to ask me que-stions and I would'nt reply with anything but requests to speak

with my attorney. Then Boudreau, while acting in his official and individual capacity, cursed violently and rushed toward me grabbi-ng me by the shirt front and slamming me in a shoving motion in-to the wall. Therefrom causing pain in my neck, back and still handcuffed wrist. After Boudreaus assault both officers left the room. After a few minutes Boudreau came back in the room and hand-cuffed my other wrist to the locking device in the wall. An ukn. Officer then also came into the room with a phone book and stated " this will make sure you don't bruise to badly " , and placed book in the room and left. Boudreau then began to punch me in the face repeatedly. At other times he would punch me in my torso region. He repeatedly struck me in those areas of my body. The Ukn. Officer knew what was taking place without attempting to st-op or interfere with Boudreaus actions. Once Boudreau stopped hi-tting me, he removed the handcuff from my left wrist , Boudreau then began to twist, turn, and yank repeatedly on the loose end of the cuffs mechanism which he hadf purposely positioned on the topside of my wrist and closed the cuff as tight as it could go on my wrist to bore into my skin causing excruciating pain in my wrist, as well as, drawing considerable amounts of blood. Then, all off a sudden, Boudreau swung his closed fist and struck me in the windpipe region, effectively knocking the breath from my body and thereby triggering me into an asthma attack. Upon realizing my difficulty in breathing, Boudreau began to taunt me by waving my asthma inhaler pump in my face, but he would not allow me to use it. After a few minutes of taunting me, due to extenuating circumstances, He, Boudreau then allowed me to use my inhaler. And throughout the course of all Boudreaus assaults, thew ukn. Of-ficer never once attempted to stop Boudreau or render me any assistance.

3.) On February 23, 2004, at or around 1:30pm S/A Warren, Special Agent George Ohlin(hereinafter S/A Ohlin), along with other unkno-wn officers arrived at the A&A Hospitality Inc. d/b/a Holiday Inn(hereinafter Holiday Inn) at which time I had a room there, and a locked safe therein rented out in my name. S/A Warren then made contact with one unknown Holiday Inn Hotel desk clerk(herein-after desk clerk), and one unknown Holiday Inn Hotel manager and

(hereinafter Hotel Manager) in the Hotels lobby. S.A Warren, at this time not in possession of a valid search warrant, or valid consent conversed with and teamed up with the Hotel Manager and Desk Clerk to conduct an illegal search of my room. The Hotel Manager and Desk Cerk provided S/A Warren with a key to enter my room. After S/A Warren and S/A Ohlin entered my room and searc -hed they became interested in the contents of the locked safe in the room. S/A Warren and S/A Ohlin then engaged the Hotel Manag- er in regards to acquiring unauthorized access to the locked safe without a valid search warrant or the proper valid consent. The Hotel Manager then while acting in his official and individual capicity, under the color of law began assisting these Agents in their official and individual capicity. Lacking apparent or actu- al authority, to comply with the Agents requests, the Hotel Manag -er then contacted one unknown Holiday Inn Hotel Owner(hereinaft- er Hotel Owner) to seek authority to grant the Agents access into the locked safe to conduct a warrentless and consentless search, with the agents.

4.) On February 22, 2004 to February 23, 2004 the City of Chicago failed to ensure that the proper training and supervision had be- en provided to S/A Warren, S/A Ohlin, Detectives Boudreau and Fan -ning and Unknown Officers in connections with the use of excessi -ve force, denial of due process, unconstitutional searches and a reckless disregard for the equal protection of the laws. Which directly lead to the violations of the plaintiffs 4th, 5th, and 14th amendment rights.

## REQUESTED RELIEF

Wherefore the plaintiff, Francis J. Bell, requests that the court grant the following relief:
A.) Award punitive damages in the amount of:
   1.) $250,000 against defendant S/A Warren fore violsting the plaintiffs 4th, 5th, and 14th amendment rights by the use of exce -ssive force with a reckless disregard for the due process and th -e equal protection of the law as described in paragraph one of this complaint. And for violating the plaintiffs mentioned rights in paragraph three of this complaint through unreasonable search and seizure of his property.

2.) $150,000 against defendant S/A Ohlin for violating the plaintiffs 4th, 5th, and 14th amendment rights mentioned in paragraph three of this complaint through unreasonable search and seizure of his property.

3.) $250,000 against defendant Boudreau for violating the plaintiffs 4th, 5th, and 14th amendment rights by the use of excessive force, deprivation of plaintiffs medication and safe protection while in police custody for his actions described in paragraph two of this complaint.

4.) $150,000 against defendant Ukn. Officer for violating the plaintiffs 4th, 5ht, and 14th amendment rights for standing by without rendering any assistance while excessive force, deprivation of medication, and lack of equal protection was inflicted as described in paragraph two of this complaint.

5.) $250,000 against defendant Fanning for violating the plaintiffs 4th, 5th, and 14th amendment rights for standing by while excessive force, deprivation of medication, and lack of equal protection was inflicted as described in paragraph two of this complaint.

6.) $2,600,000 against defendants A&A Hospitality Inc. d/b/a an Holiday Inn Hotel(a franchise entity); A&A President; A&A Vice President; A&A Treasurer and Secretary; A&A General Manager; A&A Registered Agent, Robert Hoy; A&A Auditors, specifically an unknown Hotel Clerk, an unknown Hotel Manager and one unknown Hotel Owner for violating the plaintiffs 4th, 5th, and 14th amendment rights by initiating and engaging in a warrantless and consentless search and seizure with a reckless disregard for due process and the equal protection of the law as described in paragraph three of this complaint.

B.) Award compensatory damages in the amount of:

1.) $100,000 against defendants S/A Warren, and one Ukn. officer for jointly violating plaintiffs 4th, 5th, and 14th amendment rights for employing the use of excessive force without regards for due process and the equal protection of the law as described in paragraph one of this complaint.

2.) $250,000 against defendants Boudreau and an ukn. officer jointly for violating the plaintiffs 4th, 5th, and 14th amendment rights in applying and watching be applied the use of excessive force without due process and equal protection of the law as desc-ribed in paragraph two of this complaint.

3.) $600,000 against defendants S/A Warren, S/A Ohlin, andf A&A Hospitality d/b/a Holiday Inn for violating the plaintiffs 4th, 5th, and 14th amendment rights in conducting a warrantless search and seizure of the plaintiffs property without regard for the due process and equal protection of the law as described in paragraph three of this complaint.

4.) 5,400,000 against defendant the City of Chicago for violating and causing violations of the plaintiffs constitutional rights under the 4th, 5th, and 14th amendments for its failure to proper-ly train and supervise S/A Warren, S/A Ohlin, Detectives Boudrea-u and Fanning, as well as, other unknown officers for their acti-ons in paragraphs one, two and three of this complaint and for the Citys actions in paragraph four of this complaint.

SEEKING THE TOTAL AMOUNT
OF
$10,000,000

DATED: 2/16/06

Respectfully Submitted,

_____